1

2

3

4

5

6

7                      UNITED STATES DISTRICT COURT

8                      EASTERN DISTRICT OF WASHINGTON

9    BRIAN D'AMATO and PAUL D'AMATO,
     as partners of SISBRO I, SISBRO          NO.  CV-06-0314-EFS
10   II, and SISBRO III,

11                   Plaintiffs,              **ORDER RULING ON POST-TRIAL
                                              MOTIONS**
12          v.

13   REGINA LILLIE and GERALD LILLIE,
     as partners of SISBRO I, SISBRO
14   II, and SISBRO III,

15                   Defendants.

16

17        Post-trial  hearings  occurred  in  the  above-captioned  matter  on

18   August 20 and October 23, 2008.  Robert Dunn and Michael Tucker appeared

19   on behalf of Plaintiffs Brian and Paul D'Amato.  Defendants Regina and

20   Gerald Lillie were represented by Ian Ledlin and Stephen Phillabaum at

21   the August hearing and by Ian Ledlin at the October hearing.  Before the

22   Court were (1) Plaintiffs' Supplemental Request for Declaratory Relief

23   (Ct. Rec. 407), (2) Plaintiffs' Motion to Amend Judgment Re: Damages

24   (Ct. Rec. 418), (3) Plaintiffs' Motion to Amend Judgment or Alternative

25   Motion  for  Trial  Re:  Statute  of  Limitations  (Ct.  Rec.  421),  (4)

26   Plaintiffs' Alternative Motion for New Trial Re: Damages (Ct. Rec. 424),

27   (5) Plaintiffs' Alternative Motion for New Trial Re: Jury Instructions

28   ORDER -- 1

(Ct. Rec. 427), (6) Defendants' Motion to Alter or Amend Judgment (Ct. Rec. 433), and (7) Defendants' Cross-Motion for Declaratory Relief (Ct. Rec. 459).   After reviewing the submitted material and applicable authority in light of the trial evidence, jury instructions, and jury verdict, the Court is fully informed.   This Order memorializes and supplements the Court's oral rulings.   The Court denies the motions for new trial and to amend the judgment, absent granting Defendants' motion to amend the language of the Judgment.

**A.  Plaintiff's Motions: Re Damages**

Plaintiffs filed a Motion to Amend Judgment Re: Damages (Ct. Rec. 418) and an Alternative Motion for New Trial Re: Damages (Ct. Rec. 424). Plaintiffs ask the Court to modify the verdict because a zero damages finding for SISBRO I and II and an offset of the SISBRO III $32,747.76 damages award is arbitrary and resulted from the inappropriate use of an affirmative defense in this contract action.   In the alternative, Plaintiffs ask the Court for a new trial on damages.

1.   Standard

"A jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002).  Accordingly, a new trial may be granted pursuant to Federal Rule of Civil Procedure 59(a) if a verdict is inconsistent, the result of passion or prejudice, based on false or prejurious testimony, or contrary to the clear weight of the evidence, or to prevent a miscarriage of justice. *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000); *Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d

ORDER -- 2

895, 905 (9th Cir. 2000); *Will v. Comprehensive Accounting Corp.*, 776 F.2d 665, 677 (7th Cir. 1985). "When faced with a claim that verdicts are inconsistent, the court must search for a reasonable way to read the verdicts as expressing a coherent view of the case, and must exhaust this effort before it is free to disregard the jury's verdict and remand the case for a new trial." *Toner v. Lederle Labs, a Div. of Am. Cyanamid Co.*, 828 F.2d 510, 512 (9th Cir. 1987); *Duk v. MGM Grand Hotel, Inc.*, 320 F.3d 1052, 1058 (9th Cir. 2003); *Tanno v. S.S. President Madison Ves.*, 830 F.2d 991, 992 (9th Cir. 1987); *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 199 (1963); *Stephenson v. Doe*, 332 F.3d 68, 79 (2d Cir. 2003). "The consistency of the jury verdicts must be considered in light of the judge's instructions to the jury." *Toner*, 828 F.2d at 512.

A plaintiff's path towards a new trial based on inadequate damages is feasible, but formidable. *Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1513 (11th Cir. 1983); *Wagenmann v. Adams*, 829 F.2d 196, 215 (1st Cir. 1987). This is because "[t]ranslating legal damage into money damages is a matter peculiarly within a jury's ken, especially in cases involving intangible, non-economic losses." *Smith v. Kmart Corp.*, 177 F.3d 19, 30 (1st Cir. 1999) (internal citations omitted). The Ninth Circuit has routinely held that, if a court finds a jury's damages amount is based on passion and prejudice, a new trial on liability is not appropriate unless that finding was also based on passion and prejudice. *Pershing Park*, 219 F.3d at 905.

2. <u>Damages Award</u>

Both parties agree that Instruction No. 17 appropriately required the jury to determine whether "Plaintiffs were damaged as a result of

ORDER -- 3

Defendant(s)' breach." Consistent with Instruction No. 17, the verdict asked the jury to determine "the amount, if any, of Plaintiffs' damages proximately caused by Defendants' breach . . . ." (Ct. Rec. 400 p. 2.) Plaintiffs contend that the jury ignored this fourth damages element and, as a result, the jury verdict is inconsistent and contradictory.[1]

Admittedly, at first glance, in light of the SISBRO I and II breach finding, the jury's zero damages award for SISBRO I and II is puzzling. However, upon further reflection and in light of the verdict's advisement that the jury need not award damages in the event of a breach, the evidence supports the zero damages finding for SISBRO I and II, and the "offset" damages award for SISBRO III.

   a.   *SISBRO I and II*

The jury's breach and damages findings can be reconciled a number of ways. First, the jury could have determined that the amount of wages taken by the Lillies was appropriate, *i.e.*, that the Lillies were entitled to a salary per salon, but that the Lillies breached Paragraphs 10 by not documenting their actual work. The jury could then have determined that the Lillies did engage in the actual work claimed and, therefore, Defendants' failure to document time worked did not proximately cause Plaintiffs any damages.

Second, the jury could have determined that regardless of whether Paragraphs 10 required time records, Paragraphs 10 only allowed Defendants to take a salary for each partnership entity - not per salon. If this was the jury's finding, the zero damages finding for SISBRO I

---

[1] Plaintiffs relied upon *Lloyd's of London v. Warren*, 66 Ark. App. 370 (1999). Because *Lloyd's of London* is factually distinguishable, the Arkansas Court of Appeals' decision is not persuasive here.

ORDER -- 4

1  and II is also supported by the evidence.  Defendants presented evidence
2  that the partnerships would have incurred the same or greater expenses
3  if Paragraphs 10 did not allow the taking of salaries as believed by
4  Defendants.  Both Regina and Gerald Lillie testified that they would not
5  have quit their full-time employment with United Air Lines or continued
6  to expand the salon enterprise if they were limited to taking only a
7  single monthly salary for each partnership entity.  Based on the
8  Lillies' testimony, the jury could have determined: (1) the partnerships
9  would have had to incur "outside" management expense - an expense equal
10 to or more than that "charged" by Defendants in order to expand and,
11 therefore, Defendants' breach of Paragraphs 10 did not proximately cause
12 Plaintiffs damages and/or (2) the partnerships would not have been as
13 financially profitable because additional salons would not have been
14 started under SISBRO I and II, and SISBRO III would not have been
15 developed and, therefore, Defendants' breach of Paragraphs 10 did not
16 proximately cause any damages to Plaintiffs.

17 For any of these reasons, the jury could have determined that
18 Defendants' SISBRO I and II breach did not proximately cause Plaintiffs
19 damage.  Accordingly, the jury's zero damages award for SISBRO I and II
20 is supported by the evidence.

21          b.    *SISBRO III*

22 In relation to SISBRO III, the Court is admittedly uncertain how
23 the jury determined that Plaintiffs' damages proximately caused by
24 Gerald Lillies' breach of Paragraph 10 was $32,747.76.  However, it is
25 reasonable that the jury's SISBRO III damages award was based in part
26 upon Instruction No. 23:

27          In determining whether Gerald Lillie breached the SISBRO
         III partnership agreement, you are instructed that it is not
28 ORDER -- 5

a breach for Mr. Lillie to hire his wife because he had authority as general managing partner to hire whomever he wished.

Further, you are instructed that it was not a breach of the SISBRO III partnership agreement for Mr. Lillie to make annual distributions to himself and his wife, Regina Lillie, so long as those distributions did not exceed 72% of that year's annual distributions.

(Ct. Rec. 382 Instr. No. 23.)  The jury likely determined that Gerald Lillie's distributions exceeded 72% for a particular year. Or, the jury could have looked at the e-mails and other documents to determine that Gerald Lillie did not work the full claimed hours and, therefore, the jury reduced his salary by the unworked hours.

c. *Damages Award Conclusion*

Because the jury's damage awards were not arbitrary or inconsistent, Plaintiff's motion for amended judgment or new trial in relation to damages is denied.

2. Unjust Enrichment - Quantum Meruit

Plaintiffs also argue that instructing on unjust enrichment was inappropriate and necessitates amending the verdict or holding a new trial.  Plaintiffs rely upon *RWR Management, Inc. v. Citizens Realty Co.*, 133 Wn. App. 265 (2006), and the recent Washington Supreme Court decision, *Young v. Young*, 191 P.3d 1258 (Wash. 2008).

The Court relied in large part upon *RWR Management* when it instructed the jury on Defendants' requested "affirmative defense." In *Young*, a 5-4 decision, the Washington Supreme Court identified the measure of damages in a land improvement unjust enrichment claim.  In resolving this issue, the Washington Supreme Court "took this opportunity to conceptually clarify the distinction between 'unjust enrichment' and 'quantum meruit.' [Recognizing that] Washington courts have historically used these terms synonymously, but the distinction

ORDER -- 6

between them is legally significant." *Id.* at 1261.  The court discussed that unjust enrichment is the method of recovery for a contract implied in law - where a benefit was conferred and retained absent a contractual relationship.  *Id.* at 1261-62.  Whereas, quantum meruit "is the method of recovering the reasonable value of services provided under a contract implied in fact."  *Id.* at 1262.  The court noted that "'quantum meruit' has . . . been used to recover value of services provided when a change occurs that was not within the contemplation of the parties and the change requires extra work and materials or causes a substantial loss to the claimaint."  *Id.* at 1262 n.4.  *See also RWR Mgmt., Inc.*, 133 Wn. App. at 275-76.

This was the situation here.  Defendants asked for an instruction allowing them to pursue a theory seeking recovery for the value of their "extra" services in the event the jury accepted Plaintiffs' interpretation of the partnership contracts, *i.e.*, that the partnership contracts did not allow Defendants to take a salary per salon.  Given the evidence and arguments presented to the jury, the Court deemed it necessary to allow Defendants to pursue this theory.  Instruction Nos. 17, 20, and 21, as well as the verdict, were the Court's attempt to so instruct the jury.  The instructions and verdict referred to this theory as "unjust enrichment."  *Young* makes clear that the theory Defendants were pursuing was a quantum meruit recovery for a contract implied in fact.  As explained below, *Young* does not require either a new trial or amendment to the damages award.

To establish a contract implied in fact, Defendants had to prove:

an agreement depending for its existence on some act or conduct of the party sought to be charged and arising by implication from circumstances, which according to common understanding, show a mutual intention on the part of the

ORDER -- 7

parties to contract with each other.  The services must be rendered under such circumstances as to indicate that the person rendering them expected to be paid therefor, and that the recipient expected, or should have expected, to pay for them.

*Young*, 191 P.3d at 1262-63.  Plaintiffs correctly highlight that Jury Instruction No. 20 did not specifically ask the jury to find that (1) Plaintiffs requested this "extra" work, (2) that Defendants expected to pay for the work, and (3) Plaintiffs knew or should have known Plaintiffs expected payment for the work.  Rather, Instruction No. 20's elements resembled the elements for contract implied in law.  *See id.* at 1262 (quoting *Bailie Commc'ns v. Trend Bus. Sys.*, 61 Wn. App. 151, 159-60 (1991)).  Notwithstanding Instruction No. 20's use of unjust enrichment elements, the Court finds the undisputed evidence, jury instructions, and findings thereon, support a contract implied in fact quantum meruit recovery.

It was undisputed that the Lillies took payments per salon (Ct. Rec. 353 Undisputed Fact No. 60); the dispute was whether this was appropriate under the partnership contracts.  Accordingly, in the event the jury determined that the partnership contracts did not permit Defendants to take a salary per salon, it was clear that Plaintiffs expected payment for their "extra" work since they undisputedly took a per-salon salary payment.  This undisputed per-salon salary payment, in conjunction with Instruction No. 20's second prong - "under the circumstances Plaintiffs either knew or reasonably should have known of the services performed and the benefit conferred" -, is equal to a finding that Plaintiffs knew or should have known that Defendant expected payment for their "extra" work.  The second and third contract implied in fact elements are, therefore, supported by the undisputed

ORDER -- 8

evidence, jury instructions, and jury findings thereon.

The first element - whether Plaintiffs requested the work - is met with Instruction No. 20's requirement that the jury must find "that substantial changes occurred *requiring* Defendants to perform work outside the scope of the contract(s)." (Emphasis added.) The substantial changes would not be *required* if the jury had not found that Plaintiffs, either explicitly or implicitly, agreed that Defendants perform work outside the scope of the contracts. *See Young*, 191 P.3d at 1263 ("[S]ervices [were] rendered under such circumstances as to indicate that the person rendering them expected to be paid therefor, and that the recipient expected, or should have expected, to pay for them." Such a finding is supported by the trial evidence. The Lillies testified that they only envisioned one salon when the SISBRO I partnership documents were signed. Then, when the second salon began, a separate partnership entity - SISBRO II - was formed. Therefore, the jury could reasonably conclude that the parties intended for Paragraphs 10 to allow a salary to be taken per partnership entity. The jury could have determined that Dennis Lillie's death and the addition of more salons being operated under the SISBRO I and II partnership entities were substantial changes. There was sufficient evidence for the jury to conclude that Defendants "performed services for [Plaintiffs'] benefit in addition to those required by the written partnership agreements" when they opened and operated new salons with Plaintiffs' consent under existing partnership agreements. *RWR Mgmt.*, 133 Wn. App. at 277 (quoting special verdict form). In sum, Instruction No. 20 implicitly required the jury to find the first element and there was evidence to support this element.

ORDER -- 9

1    Accordingly, given the undisputed evidence, the instructions, and
2    jury findings, the Court finds the jury findings support a contract
3    implied in fact quantum meruit recovery - speculation is not required.

4        3.    Conclusion

5    For the above reasons, the Court denies Plaintiffs' Motion to Amend
6    Judgment Re: Damages (Ct. Rec. 418) and Plaintiffs' Alternative Motion
7    for New Trial Re: Damages (Ct. Rec. 424).

8    **B.    Plaintiffs' Motion to Amend Judgment or Alternative Motion for**
9    **Trial Re: Statute of Limitations (Ct. Rec. 421)**

10    Plaintiffs contend the Court's statute of limitations ruling
11    constitutes reversible error because the Court (1) ignored its earlier
12    May 2008 ruling, (2) misapplied the discovery rule, and (3) omitted any
13    consideration of the accounting duties general partners owe to limited
14    partners.

15    In May 2008, the Court determined laches did not apply as a matter
16    of law because material factual disputes existed as to whether
17    Plaintiffs unreasonably delayed in bringing the lawsuit after learning,
18    or reasonably should have learned about, the facts constituting their
19    breach of contract claims.  (Ct. Rec. 272 p. 11.)  The Court did not
20    specifically address the contractual statute of limitations or the
21    effect of the laches doctrine's equitable nature.

22    At trial, Defendants orally moved to dismiss Plaintiffs' breach of
23    contract claims because they were barred by laches and/or limited by the
24    applicable statute of limitations.  The Court ruled that laches, an
25    equitable doctrine, was not applicable to the legal breach of contract
26    claim seeking damages.  Yet, the Court granted in part Defendants' oral
27    motion to dismiss Plaintiffs' breach of contract claims due to the

28    ORDER -- 10

applicable contractual statute of limitations: Washington's six-year statute of limitations and Idaho's five-year statute of limitations. The Court memorialized its ruling in an Order entered on July 7, 2008. (Ct. Rec. 414.)

Plaintiffs contend this ruling was erroneous because Defendants failed to meet the high standard of evidence needed to satisfy the mailbox rule, relying on *Olson v. The Bon, Inc.*, 144 Wn. App. 627 (2008). In *Olson*, the Washington Court of Appeals stated:

> The presumption of receipt permitted under the common law mailbox rule is not invoked lightly. It requires proof of mailing, such as an independent proof of a postmark, a dated receipt, or evidence of mailing apart from a party's own self-serving testimony. The independent proof may also be in the form of business records establishing the mailing, evidence of a course of business regarding mailing, or third party testimony witnesses the mailing.

*Id.* at 634 (internal citations omitted). Here, Defendants' proof of mailing was Gerald Lillie's self-serving statement that he mailed financial documents to the partners, supported by Norma Kraus' deposition testimony that she received financial documents from Gerald Lillie in the past, along with the bookkeeper's statement that she prepared the financial documents for Gerald Lillie to mail out to the partners. Although this evidence did not include written proof or eye-witnessed mailing, the Court finds this evidence taken, in its entirety, satisfies the mailbox rule's high standard. The Court therefore abides by its finding - receipt is presumed.

Plaintiffs also argue that the Court's failure to apply the discovery rule exception to the statute of limitations was erroneous because Defendants failed in their duty as general partners to clearly

ORDER -- 11

1  identify the claimed salary.[2]  The Court finds its trial determination

2  that Plaintiffs reasonably should have known of the claimed breach at

3  the time of the disclosure of the "guaranteed payment" is supported by

4  the evidence.  The Court abides by its conclusion that the discovery

5  exception to the statute of limitations does not apply.  Plaintiffs'

6  SISBRO I and II breach of contract damages were properly limited to

7  post-2000, and SISBRO III breach of contract damages properly limited to

8  post-2001.

9       For the above reasons, the Court finds it did not ignore its

10 earlier May 2008 ruling, appropriately applied the discovery rule, and

11 appropriately omitted consideration of partnership accounting duties in

12 reaching its statute of limitations ruling.  Plaintiffs' Motion to Amend

13 Judgment or Alternative Motion for New Trial Re: Statute of Limitations

14 is denied.

15 **C.  Plaintiffs' Alternative Motion for New Trial Re: Jury Instructions**

16      **(Ct. Rec. 427)**

17      Plaintiffs maintain that the Court's instructions created

18 reversible error, specifically referring to Instruction No. 20 (unjust

19 enrichment), (2) Instruction Nos. 19 and 22 (extrinsic evidence), and

20 Instruction Nos. 21 and 23 (improper comments on the evidence).

21 Defendants submit that the jury instructions were legally correct and

22 supported factually.

23      "It is the duty of the trial court to instruct the jury on issues

24 _____

25      [2]  Plaintiffs did not bring a derivative action and did not pursue

26 the Amended Complaint's accounting remedy in the Pretrial Order.

27 Therefore, the derivative partnership accounting cases cited by

   Plaintiffs are inapplicable.

28 ORDER -- 12

raised by the pleadings and supported by the evidence and nothing more." *Radio Corp. of Am. v. Radio Station KYFM*, 424 F.2d 14, 19 (10th Cir. 1970). A prejudicial erroneous jury instruction is a basis for a new trial. *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990); *Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1337 (9th Cir. 1985).

     1.   <u>Instruction No. 20</u>

Instruction No. 20 was discussed above in connection with Plaintiffs' motions regarding damages. The Court acknowledges it labeled the theory advanced by Defendants: contract implied in fact quantum meruit recovery. Nevertheless, the instructions appropriately placed the burden on Defendants to prove entitlement to this recovery. And notwithstanding *Young*, the instructions and verdict, when viewed in their entirety and in connection with the undisputed evidence, required the jury to make the necessary findings for a contract implied in fact quantum meruit recovery. Plaintiffs were not prejudiced by the unjust enrichment instruction.

     2.   <u>Extrinsic Evidence of Intent</u>

Plaintiffs continue to maintain it was erroneous for extrinsic evidence regarding the intent of the three partnership agreements to be admitted and, therefore, argue that Instructions No. 19 and 22 were erroneously provided. As the Court stated in its summary judgment rulings and at the pretrial conference, Washington and Idaho allow the jury to consider extrinsic evidence to determine the parties' intent when the partnership agreements were entered. *Spectrum Glass Co. v. Publ. Util Dist. No. 1 of Snohomish County*, 129 Wn. App. 303, 311-12 (2005). Rather than utilize WPI 301.05's exact language, the Court based Instruction No. 19's language on WPI 301.05, *Spectrum Glass*, and

ORDER -- 13

1  *Berg v. Hudesman*, 115 Wn.2d 657, 669 (1990).   The Court finds
2  Instruction No. 19 appropriately instructed the jury as to what they
3  could, and could not, consider.

4        Instruction No. 22 simply set forth the law in Washington as
5  recognized by *Lemen v. Pring Corp.*, 4 Wn. App. 462, 466 (1971), - that
6  two or more documents must be construed together when determining the
7  parties' intent with respect to the agreement if the documents are part
8  of the same transaction.  It was not error to provide this instruction.

9        3.   <u>Comments on the Evidence</u>

10       Plaintiffs maintain that Jury Instruction Nos. 21 and 23 were
11 erroneously given.

12       Instruction No. 21 was the statute of limitations instruction.  For
13 the reasons given above, the Court's mailbox presumption finding and
14 statute of limitations application were proper.

15       Instruction No. 23 told the jury that it was not a breach for Mr.
16 Lillie to hire his wife and to make annual distributions to himself and
17 his wife so long as those distributions did not exceed 72% of that
18 year's annual distributions.  Plaintiffs maintain that providing this
19 instruction without providing an instruction regarding the duty of good
20 faith and fair dealing inherent in every contract and/or the fiduciary
21 duties owed by general partners to limited partners allowed the jury to
22 impermissibly conclude that general partners have the authority to do
23 whatever they want in the partnership.

24       When viewed in their entirety, the instructions did not allow the
25 jury to conclude that Defendants had the authority to do whatever they
26 wanted without risking a breach of the partnership contracts.
27 Furthermore, Plaintiffs did not plead a violation of the good faith and
28 ORDER -- 14

fair dealing cause of action. Plaintiffs did pursue a breach of fiduciary duty cause of action. The Court correctly determined the breach of fiduciary duty cause of action was barred by the economic loss rule because (1) the duties owed to Plaintiffs are created by the partnership agreement and (2) Plaintiffs claimed economic damages. *See Alejandre v. Bull*, 159 Wn.2d 674 (2007); *Sorensen v. St. Alphonsus Reg. Med. Ctr.*, 141 Idaho 754 (2005). Accordingly, the Court appropriately did not instruct the jury on either a breach of the implied covenant of good faith and fair dealing cause of action or a fiduciary duty cause of action.

Instruction No. 23 was appropriately included to ensure the jury did not confuse the impact when Gerald Lillie made SISBRO III annual distributions.

### 4. Conclusion

The Court finds the instructions were not prejudicially erroneous and, therefore, denies Plaintiffs' motion.

## D. Motions for Declaratory Relief

Both parties filed motions for declaratory relief: Plaintiffs' Supplemental Request for Declaratory Relief (Ct. Rec. 407) and Defendants' Cross-Motion for Declaratory Relief (Ct. Rec. 459).

### 1. Plaintiffs' motion

Plaintiffs ask the Court to order the general partners of SISBRO I, II, and III to document and account for hours actually worked in SISBRO I, II, and III henceforth so that the appropriate compensation can be determined under Paragraphs 10. The Court declines to do so. The verdict is not sufficiently certain to allow for entry of the requested declaratory judgment to be drafted with precision. *See* Restatement

ORDER -- 15

(Second) of Contracts § 362 (1982).

   2.   Defendants' motion

   Defendants ask the Court to enter a declaratory judgment finding that Defendants are entitled to $273,600.00 per year for services they provide to the partnerships and salons. The Court denies this motion. Although the jury determined Defendants were entitled to their past compensation, the jury's findings do not support the issuance of a declaratory judgment allowing Defendants to take *prospective* $273,600.00 annual salary payments.

**E.   Defendants' Motion to Alter or Amend Judgment (Ct. Rec. 433)**

   Defendants ask the Court to amend the Judgment to reflect that Plaintiffs have no judgment against Defendants and that Defendants have no judgment against Plaintiffs.

   The Judgment currently states:

> IT IS ORDERED AND ADJUDGED that Defendants Gerald and Regina Lillie breached partnership contracts and Plaintiffs are awarded judgment against Defendant Gerald Lillie in the amount of $32,747.76 for his breach of the SISBRO III partnership contract after November 9, 2001; and Defendant Gerald Lillie is awarded judgment against Plaintiffs in the amount of $32,747.76 on his unjust enrichment affirmative defense claim related to SISBRO III.

(Ct. Rec. 404). As set forth above, the jury's zero damages award in connection with Defendants' breach of SISBRO I and II and the jury's SISBRO III and quantum meruit "offset" are supported by the evidence and are consistent with each other. Because the Judgment incorrectly labels Defendant Gerald Lillie's SISBRO III recovery as "unjust enrichment" and Plaintiffs failed to prove the necessary damages element in connection with SISBRO I and II breach of contract claims, the Court orders an amended Judgment to be entered as follows:

ORDER -- 16

IT IS ORDERED AND ADJUDGED that (1) Plaintiffs suffered no damages as a result of Defendants Gerald and Regina Lillies' breach of SISBRO I and II partnership agreements; and (2) although Plaintiffs suffered damages in the amount of $32,747.46 as a result of Gerald Lillies' breach of the SISBRO III partnership agreement, Gerald Lillie is entitled to a quantum meruit recovery in this same amount.  No money judgment is to be entered against either party.

**F.    Conclusion**

For the above given reasons, **IT IS HEREBY ORDERED:**

1.    Plaintiffs' Motion to Amend Judgment Re: Damages **(Ct. Rec. 418)** is **DENIED.**

2.    Plaintiffs' Alternative Motion for New Trial Re: Damages **(Ct. Rec. 424)** is **DENIED.**

3.    Plaintiffs' Motion to Amend Judgment or Alternative Motion for Trial Re: Statute of Limitations **(Ct. Rec. 421)** is **DENIED.**

4.    Plaintiffs' Alternative Motion for New Trial Re: Jury Instructions **(Ct. Rec. 427)** is **DENIED.**

5.    Plaintiffs' Supplemental Request for Declaratory Relief **(Ct. Rec. 407)** is **DENIED.**

6.    Defendants' Cross-Motion for Declaratory Relief **(Ct. Rec. 459)** is **DENIED.**

7.    Defendants' Motion to Alter or Amend Judgment **(Ct. Rec. 433)** is **GRANTED.**   The Clerk's Office is to enter an Amended Judgment:

IT IS ORDERED AND ADJUDGED that (1) Plaintiffs suffered no damages as a result of Defendants Gerald and Regina Lillies' breach of SISBRO I and II partnership agreements; and (2) although Plaintiffs suffered damages in the amount of $32,747.46 as a result of Gerald Lillies' breach of the SISBRO III partnership agreement, Gerald Lillie is entitled to a quantum meruit recovery in this same amount.  No money judgment is to be entered against either party.

///

///

ORDER -- 17

1    **IT IS SO ORDERED.**   The District Court Executive shall enter this

2  Order and forward copies to counsel.

3       DATED this ___23rd___ day of October, 2008.

4

5

6                           s/Edward F. Shea
                          _____
                              EDWARD F. SHEA
7                       UNITED STATES DISTRICT JUDGE

8
   Q:\Civil\2006\0314.posttrial.wpd
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  ORDER -- 18